834 F.2d 78
 9 Employee Benefits Ca 1145
 Girolemo MUSSO, Martin Gillen, John Krommenhoek, Richard
Muller, Ralph Moscatello and Kenneth Dore, as
Trustees of Teamsters Local # 641 Pension Fund
v.
James A. BAKER, III, Secretary of the Department of the
Treasury, and William E. Brock, Secretary of the
Department of Labor, Appellants.
 No. 87-5323.
 United States Court of Appeals,
Third Circuit.
 Argued Nov. 19, 1987.
Decided Dec. 2, 1987.
Rehearing and Rehearing En Banc Denied Dec. 29, 1987.
 
 Appeal from the United States District Court for the District of New Jersey. D.C.Civil No. 86-1611.
 Samuel A. Alito, Jr., U.S. Atty., Irene Dowdy, Asst. U.S. Atty., Trenton, N.J., William W. Taylor, United States Department of Labor, Washington, D.C., for appellants.
 D. Gayle Loftis, Chasen, Leyner, Tarrant & D'Italia, Jersey City, N.J., for appellees.
 Before SEITZ, HUTCHINSON and ALDISERT, Circuit Judges.
 OPINION OF THE COURT
 SEITZ, Circuit Judge.
 
 I. JURISDICTION
 
 1
 This is an appeal from an order of the district court granting plaintiffs-appellees' motion for summary judgment and denying a motion to dismiss the complaint. The district court had jurisdiction under section 502(e) of the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. Sec. 1132(a), (e), (k) (1982). We have jurisdiction under 28 U.S.C. Sec. 1291 (1982).
 
 II. FACTS
 
 2
 Appellees are the trustees of the Teamsters Local 641 Pension Fund ("the Fund"). ERISA requires that such trustees be bonded against losses to the Fund resulting from acts of fraud or dishonesty. ERISA Sec. 412, 29 U.S.C. Sec. 1112 (1982). The required amount of bonding in this instance was five hundred thousand dollars. See id. Appellants are the Secretaries of Labor and of the Treasury.
 
 
 3
 Until June, 1986, the trustees were covered by a bond that was backed by a corporate surety. After the bond expired, the trustees were unsuccessful in their attempts to obtain bonding from corporate sureties.
 
 
 4
 Seeking judicial approval of an alternative to surety company bonding, the trustees filed a complaint in the district court against the Secretaries. Specifically, the trustees proposed that they be allowed to deposit five hundred thousand dollars worth of Fund-owned United States government obligations with the Secretary of Labor. The trustees sought a declaratory judgment that their proposed action would fulfill ERISA's bonding requirement. There was a motion to dismiss the complaint[1] and the trustees cross-moved for summary judgment. The district court denied the motion to dismiss and granted the trustees' motion for summary judgment. This appeal followed.
 
 III. DISCUSSION
 
 5
 In reviewing grants of summary judgment, our review is plenary. Goodman v. Mead Johnson & Co., 534 F.2d 566, 573 (3d Cir.1976), cert. denied, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977). We must determine whether the Fund's posting of Fund-owned government obligations meets ERISA's bonding requirement. See ERISA Sec. 412, 29 U.S.C. Sec. 1112 (1982). Section 412(a) of ERISA requires that
 
 
 6
 [e]very fiduciary of an employee benefit plan and every person who handles funds or other property of such a plan ... shall be bonded as provided in this section.... Such bond shall provide protection to the plan against loss by reason of acts of fraud or dishonesty on the part of the [fiduciary], directly or through connivance with others. Any bond shall have as surety thereon a corporate surety company which is an acceptable surety on Federal bonds under authority granted by the Secretary of the Treasury pursuant to sections 9304-9308 of Title 31. Any bond shall be in a form or of a type approved by the Secretary, including individual bonds or schedule or blanket forms of bonds which cover a group or class.
 
 
 7
 Id. Sec. 412(a), 29 U.S.C. Sec. 1112(a) (emphasis added). Section 412(e) authorizes the Secretary of Labor to prescribe regulations to carry out the bonding requirement. Id. Sec. 412(e), 29 U.S.C. Sec. 1112(e). Section 412(e) also authorizes the Secretary to exempt plans from the bonding requirement in specified situations. Id. It is undisputed in the instant action that the trustees did not attempt to obtain exemption from the bonding requirement under section 412(e).
 
 
 8
 While noting that neither ERISA nor the regulations promulgated thereunder expressly permit the posting of government obligations in lieu of a corporate surety bond, the district court held that such posting fulfilled ERISA's bonding requirement. In so holding, the district court relied on 31 U.S.C. Sec. 9303.[2] Section 9303 provides in part that "[i]f a person is required under a law of the United States to give a surety bond, the person may give a Government obligation as surety instead of a surety bond." 31 U.S.C. Sec. 9303(a) (1982). "Person" is defined in 31 U.S.C. Sec. 9301 to include a trust. 31 U.S.C. Sec. 9301 (1982). Accordingly, the district court posited that the word "person" in section 9303(a) could include the Fund, which is a trust.
 
 
 9
 We find the district court's reliance on section 9303(a) misplaced for several reasons. First, while section 412 of ERISA makes specific reference to 31 U.S.C. Secs. 9304-9308, it does not refer to 31 U.S.C. Sec. 9303. Second, section 9303(a) applies to persons required to give surety bonds. In the instant situation, it is the trustees, not the Fund, who must give a surety bond. Therefore, section 9303(a) would be relevant only if the trustees were proposing to deposit bonds owned by the trustees with the Secretary of Labor. Indeed, a regulation promulgated by the Secretary of the Treasury provides that the person who is required under federal law to furnish a bond must be the owner of any government obligations that are posted as security in lieu of a bond. 31 C.F.R. Sec. 225.3 (1986).
 
 
 10
 Appellees concede that the purpose of ERISA's bonding requirement is the protection of plans such as the Fund. In light of this concession, it seems disingenuous for appellees to suggest that the Fund would be protected by the course of action that the trustees have proposed. The essence of the trustees' plan is that the Fund would set aside certain of its own assets to provide a source from which "reimbursements" could be made to the Fund in the event that one of the Fund fiduciaries breaches a duty to the Fund. It is clear that such a scheme does not protect the assets of the Fund--in the event of a breach of fiduciary duty by one of the Fund's trustees, the Fund's assets would be diminished by the amount of the damage caused by the breach. If, on the other hand, the fiduciaries were covered by a corporate surety bond, the fund would be able to recover the amount of the damage caused by the breach, up to the amount of the bond. Thus, with a corporate surety bond, the Fund would be reimbursed for some or all of its lost assets while under the plan proposed by the trustees, the Fund would not be reimbursed at all. Accordingly, we hold that the course of action proposed by the trustees does not satisfy the bonding requirement of ERISA. In so holding, we express no opinion regarding the options available to the trustees.
 
 
 11
 In light of the foregoing discussion, we will reverse the order of the district court and remand with instructions to dismiss the complaint.
 
 
 
 [1]
 The motion to dismiss the complaint was based in part on a contention that the Secretary of the Treasury had no role in the enforcement of ERISA's bonding provision. In light of our holding, we need not decide on this appeal whether the Secretary of the Treasury was a proper party in this action
 
 
 [2]
 Title 31 relates to money and finance. Sections 9301 through 9309 of Title 31 deal with sureties and surety bonds